JAMES KISSOCK, Respondent, *v.* WILLIAM D. HOUSE, Appellant.

*Contract—when it cannot be set aside on the ground that it was procured by threats, or made to compromise a felony.*

The plaintiff being indebted to the defendant in the sum of $71, for two notes, which had been forged by the plaintiff and transferred to the defendant, it was agreed that a wagon belonging to the plaintiff and then in possession of the defendant, should be exposed for sale at public auction, and that the plaintiff should not forbid the sale, and the defendant agreed, in consideration thereof, to surrender the notes. The wagon was accordingly sold, and purchased by the defendant, who surrendered the notes to the plaintiff, by whom they were destroyed. At the time of the making of the agreement the plaintiff was not in custody nor was he threatened with an illegal arrest.

*Held,* that an action by the plaintiff to recover the value of the wagon, on the ground that the agreement was procured by threats, and was made to compromise a felony, could not be maintained.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

*B. B. Bouton,* for the appellant.

*C. H. Bell,* for the respondent.

WESTBROOK, J.:

This is an appeal from a judgment entered upon the report of a referee, by which report the following facts were found.

The plaintiff was the owner of a wagon, which the defendant caused to be taken and sold. The plaintiff was then indebted to the defendant in about the sum of $71, for which the defendant held two notes, purporting to have been executed by other parties, and transferred to him by the plaintiff, but which the plaintiff had forged. After the defendant had obtained the wagon, it was agreed between them that the wagon should be exposed for sale at public auction, that the plaintiff should not forbid the sale, and the defendant would surrender the notes. The wagon was sold, the defendant becoming the purchaser, and after such sale the notes were surrendered to the plaintiff, who destroyed the same. Upon these

facts the referee held the plaintiff was entitled to recover the value of the wagon, upon the ground that the agreement was procured by threats, and was to compromise a felony.

Very clearly the plaintiff had a right to settle an actual indebtedness to the defendant. When he made the agreement he was not in custody, nor was he threatened with an illegal imprisonment. There is no rule of law which prevents a party who owes a debt, which the law will enforce, from turning out property to pay it, even though, in the contraction of the debt, he was guilty of a crime. There was no actual imprisonment, nor threat of an unlawful one, which would vitiate this transaction between the parties. (*Knapp* v. *Hyde*, 60 Barb., 80.) In *Foshay* v. *Ferguson* (5 Hill, 154), it was also held that it was enough to constitute duress *per minas*, if the party acted " from fears excited by threats of *illegal imprisonment ;*" but neither that case, nor any other to which our attention has been directed, holds that a party defrauded has no right, fairly and without fraud, to state to his debtor what he had done, to induce him to pay what he ought to pay and is able to pay, and that, if the debtor yields and pays, that the agreement is void.

There was no compromise of a felony, nor an agreement to compromise one. The plaintiff has simply settled a debt, for which no immunity was promised. It is true, notes were surrendered, but we know of no legal obligation resting upon the holder of forged paper, for which he has paid value, to refuse to receive payment thereof, and to hold the paper for the benefit of the public prosecutor.

The wagon having been taken by defendant to be sold in satisfaction of his claim, and the plaintiff having consented to such sale, he (the plaintiff) is not at liberty to treat the acts of the defendant as trespasses and recover the value of the property.

The judgment should be reversed, a new trial granted, and the referee discharged.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment reversed; new trial granted; referee discharged; costs to abide event.